IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WORKSPORT, LTD.
414-3120 Rutherford Road
Vaughan, ONT L4K 0B2
Canada

    Plaintiff

v.

ZAKAR, LLC
1910 Thomes Ave
Cheyenne, WY 82001 USA

    Defendant

Case No.: 1:20-cv-02711

Serve on Registered Agent
InCorp Services, Inc.
1910 Thomes Ave
Cheyenne, WY 82001 USA

---

## COMPLAINT

Plaintiff, WORKSPORT, LTD., ("WKSP"), by and though its counsel, Matheau J. W. Stout, Esq. files this Complaint against ZAKAR, LLC, and alleges:

1. This action is instituted pursuant to 15 U.S. Code § 77(a)(10) (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the cancellation of shares of common stock reserved for issuance to Defendant, for which Defendant failed to pay any consideration.

2. This Court has jurisdiction over the parties hereto based on the Federal Statute.

3. At all times relevant hereto, Plaintiff Worksport, Ltd., formerly known as Franchise Holdings, International, Inc. and by the former trading symbol

FNHI ("WKSP"), was and is a publicly traded corporation, which is headquartered in Ontario, Canada and domiciled in Nevada.

4. At all times relevant hereto, Defendant Zakar, LLC ("Zakar"), a Wyoming limited liability company, controlled by Mark Mahaffie, with its principal place of business at 1910 Thomas Avenue, Cheyenne, Wyoming, 82001, is or was at times the beneficiary of improperly and illegally reserved shares of common stock in WKSP, a Nevada corporation.

5. This Court has jurisdiction over the under the federal statute.

6. Venue is proper in the Northern District.

7. WKSP is seeking a determination that the shares awarded to the Defendant by the Superior Court of California (the "California Court") in Case No. 37-2017-00047176 (the "California Case") and thereby reserved for issuance to the Defendant are void (1) as illegally and improperly awarded and reserved under Section 3(a)(10) of the Securities Act of 1933; (2) for lack of consideration therefor; and (3) due to fraudulent issuance, among other potential claims which may arise during discovery in this matter.

8. WKSP re-alleges and incorporates Paragraphs 1 through 7 as if set forth fully herein.

9. This is an action for declaratory and injunctive relief to remedy WKSP's injury from the improper and illegal award to and reserve by Defendant of more than One Million Dollars in WKSP common stock in exchange for zero consideration. WKSP primarily is seeking a declaration that the shares awarded to the Defendant by the California Court and thereafter reserved for issuance to

Defendant at WKSP's stock transfer agent, are void for want of consideration and due to other illegalities. Therefore, since the Defendant never actually paid any of the Plaintiff's creditors before, during or after the California Case, the underlying transactions upon which the California Court's share award and reserve were never actually consummated. If granted the relief requested, WKSP will coordinate with the stock transfer agent to correct the entries in its stock transaction journal to properly reflect WKSP's legitimate shareholders and to the correct the amount of shares awarded to and reserved for the Defendant to zero.

10. WKSP is a publicly traded corporation, and its shares of common stock are quoted on the OTC Markets under the trading symbol WKSP.

11. WKSP is an audited SEC filer subject to the mandatory reporting requirements of the Securities Exchange Act of 1934, and as such, WKSP's auditors have reviewed in detail the company history and records to determine when and by whom WKSP's debts were paid, and thus whether the share reserve for Zakar is proper. During their audit process, WKSP provided its auditors with the Share Issuance/Claim Extinguishment Agreement dated October 23, 2017, (the "October 23, 2017 Claim Extinguishment Agreement") and the Settlement Agreement and Mutual Release dated January 12, 2018 (the "January 12, 2018 Settlement Agreement") in which Zakar purported to acquire a total of $77,028.07 in bona fide debt from WSKP's creditors, which Zakar sought to exchange for 25,000,000 in WKSP common stock, which was to be exempt from registration under Section 3(a)(10) pursuant to the California Court's Order. At the auditor's request, WSKP provided clear evidence that Zakar never paid any of the creditors in the California case, that all of the creditors in

the California case were, in fact, paid directly by WKSP, and thus the shares reserved for Zakar for the California case were reserved without any valid consideration paid by Zakar for such shares. The October 23, 2017 Claim Extinguishment Agreement and the January 12, 2018 Settlement Agreement and California Court's Order are attached hereto and incorporated herein as Exhibit A.

12. The auditors, management and board of WKSP cannot locate any record or evidence of any consideration provided by Defendant. The registered transfer agent for WKSP possesses no record of any payment of even a portion of the $77,028.07 owed to WKSP's creditors, or other consideration provided by Defendant to WKSP or its creditors in exchange for the shares at issue. For this reason, WKSP believes that the award to and the reserve of shares to the Defendant was void, since the requirements for Section 3(a)(10) were not met because the Defendant did not "exchange" anything of value for the shares of WKSP stock it was awarded in the California Case. Section 3(a)(10) is quoted below in its entirety, and clearly requires an exchange:

> Except with respect to a security exchanged in a case under title 11, any security which is issued **in exchange for** one or more bona fide outstanding securities, claims or property interests, or partly **in such exchange** and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities **in such exchange** shall have the right to appear, by any court, or by any official or agency of the United States, or by any State or Territorial banking or insurance commission or other governmental authority expressly authorized by law to grant such approval;

[emphasis mine]

13. Since the Defendant never paid any of the WKSP creditors for their claims in the California Case, the Defendant never legally held any "*bona fide outstanding securities, claims or property interests*" to exchange for WKSP common stock. Therefore, the exchange of debt for common stock, which is at the

heart of Section 3(a)(10), and the sole purpose of the California Case, never actually took place, meaning that the Defendant was awarded WKSP common stock for no consideration whatsoever.

14. In fact, following the Defendant's misrepresentations to WKSP's creditors and to the California Court, WKSP was bombarded by collection calls from its creditors due to Zakar's non-payment of the claims it purportedly acquired prior to entering into the October 23, 2017 Claim Extinguishment Agreement. Thus, WKSP was forced to pay each of those creditors itself, out of cashflow, and to its detriment, in order to salvage the business relationships with those creditors, which were all vendors necessary to WKSP's continued operations.

15. Each of the creditors which were named in the California Case and which Zakar failed to pay, has verified that they were paid by WKSP and not by the Defendant.

16. WKSP's investigation into the Defendant indicates that Zakar is a continuing business interest in good standing in Wyoming, with its principal business address the same as that for its registered agent for service of process. Attached hereto and incorporated herein as Exhibit B are a copy of Zakar's Wyoming Secretary of State Business Entity Information and Wyoming 2020 Annual Report, showing Mark Mahaffie as its authorized signor and officer/manager.

17. Based upon the representations made by the Defendant in the October 23, 2017 Claim Extinguishment Agreement and the January 12, 2018 Settlement Agreement, and per the California Court's Order and WKSP's Transfer Agent

Instructions, the Defendant has reserved a total of 25,000,000 shares of WKSP common stock, (since reduced to 4,166,667 through a 1:6 reverse stock split on March 28, 2019) (the "Reserved Shares") which, at the average trading price on September 15, 2020 of $0.25 per share, are valued at $1,041,666.75, for which Zakar paid no consideration whatsoever. WKSP's Transfer Agent Instructions which caused WKSP's stock transfer agent to reserve the Reserved Shares for future issuance to the Defendant are attached hereto and incorporated herein as Exhibit C.

18. The fact that Defendant is shown in the records of WKSP's stock transfer agent as having a reserve of 4,166,667 Reserved Shares for which Defendant paid no consideration, is severely damaging WKSP's ability to raise funds and attract new investors.

19. WKSP's primary reason for seeking declaratory and injunctive relief is to clean up its list of shareholders to only reflect those individuals that properly obtained or properly reserved their shares. WKSP has attempted to contact Defendant and its previous legal counsel to resolve these issues numerous times, but to no avail.

**COUNT I: DECLARATORY JUDGMENT**

20. WKSP re-alleges and incorporates Paragraphs 1 through 19 as if set forth fully herein.

21. WKSP is seeking a determination that the aforementioned October 23, 2017 Claim Extinguishment Agreement and the January 12, 2018 Settlement Agreement are void for lack of consideration, that the Reserved Shares of WKSP common stock are void and cancelled (1) as illegally and improperly reserved under Section 3(a)(10); (2) for lack of consideration therefor; and (3) due to the fraudulent actions of Defendant, among other

potential claims which may arise during discovery in this matter.

22. As a direct and proximate result of the Defendant's failure to pay WKSP's creditors as required under the October 23, 2017 Claim Extinguishment Agreement, the Reserved Shares of WKSP common stock have been reserved improperly, which has resulted in a bona fide controversy requiring judicial resolution as to whether the issuance of these shares from Defendant's reserve is legal. Additionally, WKSP's other shareholders will be irreparably harmed if Defendants' reserved shares are not cancelled. Accordingly, WKSP seeks a determination of its rights.

23. Therefore, the Court should declare that the October 23, 2017 Claim Extinguishment Agreement and January 12, 2018 Settlement Agreement are void for lack of consideration, that the Reserved Shares awarded by the California Court and reserved for the Defendant were improperly and illegally obtained rendering them void, and declare that the Defendant's current 4,166,667 Reserved Shares are cancelled so that the corporate records and registered transfer agent's books will properly reflect the current shareholders and number of shares reservedandissued.

## COUNT II: INJUNCTIVE RELIEF

24. WKSP re-alleges and incorporates Paragraphs 1 through 23 as if set forth fully herein.

25. According to the stock transfer agent, Defendant still has 4,166,667 shares of WKSP common stock reserved in the name of Zakar, LLC for future issuance, for which there is no evidence that valid consideration was paid.

26. WKSP faces imminent and irreparable injury if Defendant attempts to

market and complete a sale of its reserved shares to another individual during the pendency of this action. The marketing and transfer of these improperly and illegally reserved shares will cause imminent harm to WKSP, its business goodwill, and reputation amongst potential investors.

27. If marketing were to occur or a transfer to a third party were to occur, monetary damages would not be an appropriate measure of the damage if the shares are marketed and transferred to a bona fide purchaser.

28. WKSP is building its business goodwill and reputation daily, which is vitally important in the over-the-counter world. If the Defendant was to market and transfer these reserved shares during the pendency of this action, it would severely injure market confidence in WKSP.

29. There is no adequate remedy at law to compensate WKSP for the harm that would be caused by Defendant's marketing and transfer of the Reserved Shares of WKSP common stock.

30. WKSP is likely to prevail on the merits of the claims.

31. Balancing the harm caused to WKSP by Defendant's potential actions versus the potential harm to Defendant if the reserved shares were frozen from marketing and transfer during the pendency of this litigation, results in a WKSP clearly prevailing. Holding onto and not marketing improperly and illegally issued shares which Defendant has not marketed or transferred in more than Two (2) Years is not detrimental to Defendant whatsoever. And the harm to WKSP, as discussed, is far greater. The balance of the equities weighs heavily in favor of enjoining any marketing or sale of these reserved shares during the pendency of this action or thereafter if WKSP

prevails.

32. Additionally, the public interest is best served in enjoining the marketing and transfer of these suspect reserved shares, so that individuals do not acquire these illegally and improperly reserved shares, causing them harm.

33. For the reasons explained herein, WKSP is entitled to temporary and permanent injunctive relief freezing and preventing any marketing or transfer of the Reserved Shares of WKSP common stock reserved for Defendant during the pendency of this action and thereafter preventing any marketing or transfer of the shares after they are cancelled.

**WHEREFORE** Plaintiff respectfully prays this Honorable Court:

1. Declare that the October 23, 2017 Claim Extinguishment Agreement is void for lack of consideration;

2. Declare that the January 12, 2018 Settlement Agreement is void for lack of consideration;

3. Declare that the Defendant's Reserved Shares were improperly and illegally awarded and reserved, rendering them void;

4. Declare that the Defendant's Reserved Shares are cancelled and that the corporate records and transfer agent books shall reflect such;

5. Issue a temporary injunction freezing and preventing any transfer of the above-discussed shares of Defendant during the

pendency of this action and after the cancellation issue a permanent injunction preventing any marketing or transfer of the illegally awarded and reserved shares; and

6. Issue such other and further relief as this Honorable Court deems necessary and appropriate.

September 17, 2020          Respectfully submitted,

/s/ *Matheau J. W. Stout*
Matheau J. W. Stout (28054)
201 International Circle, Suite 230
Hunt Valley, Maryland 21030
(410) 429-7076 Tel

*Attorney for Plaintiff*